OPINION OF THE COURT
Gloria Goldstein, J.
The instant motions arise out of an action that was marked off the calendar more than one year ago, and involve a rarely invoked rule of the New York City Civil Court concerning the effect of such a “mark off’ upon the issue of costs and disbursements in the said action.
The plaintiff herein, a foreign corporation, had heretofore been required to post a bond in the amount of $250 representing security for costs in accordance with CPLR 8501 and section 1900 of the New York City Civil Court Act. Plaintiff’s action thereafter appeared on the Trial Calendar several times until June 8, 1979, at which time it was marked off the calendar when it had become apparent, during a pretrial conference, that the plaintiff would be unable to present its case.
Now, 17 months later, plaintiff contends that since neither side has moved to restore the action, it has been deemed abandoned, and moves for an order directing the Finance Administrator to return the money heretofore *571 deposited as security for costs. The defendant opposes this motion and cross-moves to enter judgment for appropriate costs and disbursements.
The question presented is whether a plaintiff is liable for costs if its case were marked off the calendar and not restored within a one-year period. The answer, it would appear, depends upon the particular court in which the action was pending.
“A case in the supreme court or a county court marked ‘off’ or struck from the calendar * * * and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute.” (CPLR 3404; emphasis added.) Although the CPLR generally governs civil procedure in all courts of the state, CPLR 3404 by its very terms, is limited solely to those actions pending in the Supreme Court or a County Court. A different rule applies in the Civil Court, and any reliance upon CPLR 3404 in this Civil Court case appears inappropriate. Rule 17 of the Rules of the Civil Court of the City of New York (22 NYCRR 2900.17) provides: “A cause marked off or stricken from a reserve calendar, a pre-trial calendar or a day calendar, and returned to the general calendar, shall be deemed abandoned and the complaint and counterclaim, if any, shall be dismissed with statutory costs for failure to prosecute, unless application to restore shall be made within one year from the date of such marking and such application is granted.”
The out-of-State plaintiff herein has obviously abandoned its case, but only after putting the defendant through a waste of considerable time, effort and expense. One of the reasons for requiring security for costs is to protect a defendant in a situation such as the case at bar. Under all of the circumstances of this case, it would not be inequitable to allow costs to the defendant. In accordance with rule 17, the plaintiff’s case has been deemed abandoned and its complaint dismissed with statutory costs for failure to prosecute. Such a dismissal entitles the defendant to an award of one-half costs (CCA, § 1903, subd [h]).
Since the plaintiff is liable for statutory costs, the plaintiff’s money on deposit with the Finance Administrator shall continue to stand as security. The plaintiff’s motion *572 for a refund of the security is therefore denied. The plaintiff, however, will of course be entitled to any balance that may remain after satisfaction of defendant’s judgment for costs and disbursements, and the Finance Administrator is hereby so ordered.
Notwithstanding the foregoing, however, the defendant’s cross motion to enter judgment for costs is denied without prejudice since the necessary procedure is to obtain a certificate of dismissal from the court clerk and cause judgment to be entered thereon.